IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 25-511 (MN) |
| ROBERT RIZZO, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

Shantell D. Newman, New Castle, Delaware – Pro Se Plaintiff

June 27, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On April 28, 2025, Plaintiff Shantell D. Newman initiated this civil action by moving for leave to proceed *in forma pauperis* (D.I. 1) and filing the Complaint (D.I. 2) pro se. The Court granted Plaintiff leave to proceed *in forma pauperis* (D.I. 5) and now screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

The following facts are taken from Plaintiff's Complaint and assumed to be true for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b). *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Between 2014 and the present, Defendants Robert Rizzo, Dana Long, Phyllis Brown, and Thomas P. Gordon, all of whom may work in capacities related to the New Castle County Housing Choice Voucher Program, violated the Fourth Amendment, the False Claims Act, the Hatch Act, the Privacy Act, the Whistleblower Protection Act, the Magna Carta, the Twelve Tables of Ancient Rome, and other possible modern and historical legal and equitable doctrines. (*See* D.I. 2 at 2-5). The Complaint includes scant facts in support, but it appears that Plaintiff witnessed drug trafficking in Section 8 housing, then her assigned Section 8 worker used her "private contact information to promote and support his wife's political campaign," and when Plaintiff reported these occurrences, she was retaliated against and "subjected to a biased Section 8 hearing and unlawful arrest aimed at silencing" her. (*Id.* at 5). From these events, Plaintiff lost her home, freedom, children, health, and time, among other things. (*Id.* at 8). Plaintiff now wants everything back, and she seeks $1 trillion in money damages and the enactment of a new law in her name, the details of which are unspecified. (*Id.*).

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). When a plaintiff proceeds pro se, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-

pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Even when liberally construing Plaintiff's pleading and viewing it in the light most favorable to her, the Complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is clearly baseless, it relies on indisputably meritless legal theories, or it arises from a fantastic or delusional factual scenario. *See Dooley*, 957 F.3d. at 374. Plaintiff has a lengthy history of filing similarly frivolous claims with this Court. Plaintiff is again warned that continuing to file such claims in this Court will result in sanctions, and she may be barred from initiating other actions without first obtaining permission from a judge of this Court. *See In re Oliver*, 682 F.2d 443, 445-46 (3d Cir. 1982) (holding that if a district court determines that a litigant's past and current lawsuits constitute a continuous pattern of "groundless and vexatious litigation," the All Writs Act permits the court, under "exigent circumstances," to grant an order enjoining the litigant from filing further actions without court permission).

### IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment is futile.

An appropriate Order will be entered.